Alvin D. ESNAULT, Plaintiff–
Appellant,

v.

John SUTHERS; Dona Zavislan; Jeff
Revord; Scott Duden; Robert Fur-
long, each in their individual capacity,
singularly, jointly and severally, De-
fendants–Appellees.

No. 02–1298.

United States Court of Appeals,
Tenth Circuit.

April 1, 2003.

Alvin D. Esnault, Sterling, CO, for
Plaintiff–Appellant.

David R. Brougham, Andrew D. Ringel,
Hall & Evans, Edmund M. Kennedy, Hall
& Evans L.L.C., Denver, CO, for Defen-
dants–Appellees.

Before LUCERO, McKAY, and
BALDOCK, Circuit Judges.

## ORDER AND JUDGMENT*

McKAY, Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Plaintiff-appellant Alvin Esnault, Jr., ap-
peals from the district court's rulings dis-
missing civil rights claims arising out of his
termination from the religious diet pro-
gram at the Sterling Correctional Facility.

His complaint alleged violations of his
First Amendment right to the free exer-
cise of his religion and his Eighth Amend-
ment right to be free of cruel and unusual
punishment, and sought both injunctive re-
lief and monetary damages. He was later
allowed to amend his complaint to include
claims under the Religious Land Use and
Institutionalized Persons Act and a Colora-
do statute. Defendants filed a motion to
dismiss, which the magistrate judge con-
verted into a motion for summary judg-
ment. After briefing, the magistrate
judge issued her recommendation to dis-
miss all of plaintiff's claims except his in-
junctive claims against defendants Furlong
and Zavislan. The parties were given ten
days to file objections.

Plaintiff failed to timely file objections to
the magistrate judge's April 16, 2002, rec-
ommendation. Defendants did object
within the deadline, contending that any
equitable claims remaining should be dis-
missed as moot because plaintiff had been
reinstated to the religious diet program
several months earlier. On May 6, 2002,
the district court issued its first order,
noting plaintiff's failure to file timely ob-
jections, and dismissing all claims except
the injunctive claims against defendants
Furlong and Zavislan. As to these claims,
the district court allowed plaintiff another
ten-day period to file objections to defen-
dants' argument that the claims should be
dismissed as moot. On May 9, 2002, plain-
tiff filed both objections to the magistrate
judge's recommendation and a response to
the defendants' objections. After review-
ing plaintiff's objections as to the remain-
ing equitable claims de novo, the district
court dismissed those claims on mootness
grounds.

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

On appeal, plaintiff challenges the district court's rulings on all of his claims. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. Our review, however, is limited to the district court's dismissal of plaintiff's injunctive claims against defendants Furlong and Zavislan. Because plaintiff did not timely file objections to the magistrate judge's recommendation, and because he does not demonstrate just cause for his untimeliness, he has waived appellate review of those issues and arguments. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991). We review de novo the district court's dismissal of plaintiff's injunctive claims as moot, "as a matter of federal jurisdiction." *F.E.R. v. Valdez*, 58 F.3d 1530, 1532–33 (10th Cir.1995).

Plaintiff does not present arguments on the district court's ruling that his injunctive claims are moot. He does contend that the district court abused its discretion in failing to rule on his motion for injunctive relief for over a year, and requests a reimbursement of funds in connection with his suit. These arguments lack merit. Further, our *de novo* review of the record on appeal leads us to agree with the district court's conclusion that the injunctive claims were mooted by plaintiff's reinstatement to the religious diet program. Therefore, the district court correctly dismissed these claims. The judgment of the United States District Court for the District of Colorado is AFFIRMED.